United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 19, 2004**

Charles R. Fulbruge III
Clerk

REVISED AUGUST 9, 2004

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-60201

———————————

BASSEL NABIH ASSAAD

Petitioner

v.

JOHN ASHCROFT, U S ATTORNEY GENERAL

Respondent

———————————

Petition for Review of an Order of the
Board of Immigration Appeals

———————————

Before KING, Chief Judge, and REAVLEY and EMILIO M. GARZA,
Circuit Judges.

PER CURIAM:

Bassel Nabih Assaad petitions this court to review the Board

of Immigration Appeals's decision denying his motion to reopen.

For the following reasons, we dismiss the petition for review.

## I. BACKGROUND

Assaad, a Syrian citizen, entered the United States as a

nonimmigrant visitor in 1993.  He later married a U.S. citizen,

and, in June 1995, the Immigration and Naturalization Service

(INS) granted his application for conditional resident status

under 8 U.S.C. § 1186a (2000).  Assaad divorced his wife in

1

January 1996 and petitioned the INS for a good-faith marriage waiver, see § 1186a(c)(4)(B), which would entitle him to permanent resident status despite the fact that he was no longer married to a U.S. citizen. The INS denied the petition and terminated Assaad's conditional resident status. On May 17, 1997, the INS initiated removal proceedings by serving Assaad with a Notice to Appear, charging him with being subject to removal for overstaying his permission to remain in the United States. See 8 U.S.C. § 1227(a)(1)(B) (2000).

Before the Immigration Judge (IJ), Assaad denied the allegations supporting his deportability and requested review of the INS's denial of his petition for a good-faith marriage waiver. Assaad presented documentary and testimonial evidence that he believed supported his claim that he entered into his marriage in good faith. The IJ denied Assaad's waiver request, however, finding that Assaad had not proven that he entered into his marriage in good faith.

Assaad hired a second attorney to handle his appeal to the Board of Immigration Appeals (BIA). This new attorney submitted Assaad's appeal one week past the filing deadline. Thus, the BIA dismissed the appeal as untimely on September 19, 2000, without addressing the merits of Assaad's good-faith marriage waiver application. Assaad contends that his attorney never notified him that the appeal was denied, a fact he discovered in January 2001 only after learning that the INS was seeking his arrest.

On February 12, 2001, after hiring a third attorney, Assaad filed a motion to reopen his immigration proceedings with the IJ claiming that his second attorney had been constitutionally ineffective. The INS opposed Assaad's motion to reopen, noting that it was not filed within the 90-day window provided by statute and BIA regulations. See id. § 1229a(c)(6)(C)(i) (2000); 8 C.F.R. § 3.2(c)(2) (2001). Assaad responded that the IJ could nevertheless reopen the case on his own motion in light of the exceptional situation presented by his attorney's ineffectiveness. See 8 C.F.R. § 3.2(a). The IJ declined to exercise this power and instead denied Assaad's motion to reopen as untimely.

Assaad appealed the IJ's decision to the BIA, arguing that the time limit for filing the motion to reopen should have been tolled by his attorney's failure to inform him that his initial appeal to the BIA had been dismissed. Ultimately, the BIA dismissed Assaad's motion to reopen after concluding that, even though Assaad met the BIA's procedural requirements for an ineffective-assistance-of-counsel claim, see In re Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988), he was not entitled to relief because he had provided no evidence in his motion to reopen showing that he was prejudiced by his attorney's failure to file the initial BIA appeal in a timely manner. In re Assaad, 23 I. & N. Dec. 553 (BIA 2003). Assaad now petitions this court for review of the BIA's denial of his motion to reopen.

3

## II. DISCUSSION

As an initial matter, the government argues that we lack jurisdiction to review the BIA's denial of Assaad's motion to reopen under 8 U.S.C. § 1252(a)(2)(B)(ii),[1] which bars judicial review of "any . . . decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General." According to the government, this section bars federal court review of Assaad's petition because the BIA has complete discretion in deciding whether to grant an alien's motion to reopen. See INS v. Doherty, 502 U.S. 314, 323 (1992) ("The granting of a motion to reopen is . . . discretionary, and the Attorney General has 'broad discretion' to grant or deny such motions." (citations omitted)); 8 C.F.R. § 1003.2(a) ("The decision to grant or deny a motion to reopen . . . is within the discretion of the Board.").

Although Assaad concedes that we have, in the past, afforded the BIA wide discretion in addressing motions to reopen, see, e.g., Efe v. Ashcroft, 293 F.3d 899, 904 (5th Cir. 2002), he does not agree that Congress intended to strip federal courts of the

_____

[1] Congress severely restricted federal court jurisdiction over numerous categories of BIA decisions through § 306(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), see Pub. L. No. 104-208, 110 Stat. 3009-546, -607 to -612 (codified at 8 U.S.C. § 1252 (2000)). These permanent rules govern judicial review of proceedings commencing after April 1, 1997. See Gormley v. Ashcroft, 364 F.3d 1172, 1176 (9th Cir. 2004). Since the INS initiated removal proceedings against Assaad on May 17, 1997, § 1252's provisions apply to this case.

power to review the BIA's denials of these motions.  For example, he notes that § 1252(b)(6), which instructs that "any review sought of a motion to reopen . . . shall be consolidated with the review of the order [of removal]," would be rendered meaningless by the government's interpretation of § 1252(a)(2)(B)(ii).  His position finds further support in Medina-Morales v. Ashcroft, 371 F.3d 520 (9th Cir. 2004).  There, the Ninth Circuit held that the plain language of § 1252(a)(2)(B)(ii) does not bar judicial review of motions to reopen because the BIA's discretion to grant or to deny these motions "derives solely from regulations promulgated by the Attorney General, rather than from a statute." Id. at 528 (citations and internal quotation marks omitted).

Under the facts of this case, we need not resolve the thorny question whether § 1252(a)(2)(B)(ii) precludes judicial review of all motions to reopen, however.  Importantly, even if we were to assume that § 1252(a)(2)(B)(ii) does not, by its terms, generally bar judicial review of motions to reopen, we would still conclude that we lack jurisdiction over Assaad's petition for review.

As at least three other circuits have explained, Congress explicitly granted federal courts the power to review "final order[s] of removal" in § 1252(a)(1), and "[i]mplicit in this jurisdictional grant is the authority to review orders denying motions to reopen any such final order." Patel v. United States Attorney General, 334 F.3d 1259, 1261 (11th Cir. 2003); accord Chow v. INS, 113 F.3d 659, 664 (7th Cir. 1997), abrogated on

5

other grounds by LaGuerre v. Reno, 164 F.3d 1035 (7th Cir. 1998); Sarmadi v. INS, 121 F.3d 1319, 1321 (9th Cir. 1997). Yet, just as our power to review a final order is circumscribed by § 1252(a)(2)'s various jurisdiction-stripping provisions, our "jurisdiction to entertain an attack on that order mounted through filing of a motion to reopen" is equally curtailed. Patel, 334 F.3d at 1262 (citing cases); accord Dave v. Ashcroft, 363 F.3d 649, 652 (7th Cir. 2004); cf. Mayard v. INS, 129 F.3d 438, 439 (8th Cir. 1997) (applying the IIRIRA's transitional rules). In other words, "where a final order of removal is shielded from judicial review" by a provision in § 1252(a)(2), "so, too, is [the BIA's] refusal to reopen that order." Patel, 334 F.3d at 1262.

Applying this principle to the case at hand, it is clear that § 1252 deprives this court of jurisdiction over the BIA's denial of Assaad's motion to reopen. In its final order of removal, the BIA affirmed the IJ's finding that Assaad is not entitled to a good-faith marriage waiver of his removability under § 1186a(c)(4)(B). There is no question that, had Assaad directly petitioned this court for review of the BIA's final order, § 1252(a)(2)(B)(ii) would have barred our jurisdiction over his appeal. See Urena-Tavarez v. Ashcroft, 367 F.3d 154, 160 (3d Cir. 2004) (holding that "[s]ection 1252(a)(2)(B)(ii) clearly precludes judicial review of decisions under section 1186a(c)(4)" because the statute specifies that those decisions

6

are purely discretionary).  Therefore, because this court would not have had the authority to review a direct petition, we hold that Assaad cannot manufacture jurisdiction simply by petitioning this court to review the BIA's denial of his motion to reopen.

Nevertheless, before we may conclude that the IIRIRA's permanent rules completely foreclose our jurisdiction over Assaad's motion to reopen, we must first determine whether the ineffective-assistance-of-counsel argument in his motion to reopen presents a "substantial constitutional claim."  See Balogun v. Ashcroft, 270 F.3d 274, 278 n.11 (5th Cir. 2001) (observing that courts "retain jurisdiction to consider . . . substantial constitutional claims," even when the jurisdiction-stripping provisions of immigration law purport to deprive the courts of jurisdiction); see also Dave, 363 F.3d at 652.  This circuit has yet to decide whether an alien has a constitutional right to effective counsel in removal proceedings, see, e.g., Miranda-Lores v. INS, 17 F.3d 84, 85 n.1 (5th Cir. 1994); however, dicta from our previous cases indicate that while the Sixth Amendment does not afford aliens such a right, an attorney's ineffective assistance may implicate the Fifth Amendment's due process guarantee if the "representation afforded [the alien] . . . was so deficient as to impinge upon the fundamental fairness of the hearing."  Paul v. INS, 521 F.2d 194, 198 (5th Cir. 1975).

Notwithstanding this possibility, Assaad's motion to reopen

7

does not allege a violation of his Fifth Amendment right to due process because "the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." Mejia Rodriguez v. Reno, 178 F.3d 1139, 1146 (11th Cir. 1999) (citing Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 465 (1981)); accord Nativi-Gomez v. Ashcroft, 344 F.3d 805, 808 (8th Cir. 2003); see also Munoz v. Ashcroft, 339 F.3d 950, 954 (9th Cir. 2003) ("Since discretionary relief is a privilege . . . , denial of such relief cannot violate a substantive interest protected by the Due Process clause."); cf. Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997) ("[A] statute which 'provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process.'" (alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 11 (1979))). Assaad's ineffective-assistance claim hinges on his attorney's failure to file a timely appeal from the IJ's denial of his application for a good-faith marriage waiver of his removability under § 1186a(c)(4)(B). As we explained above, an alien who believes he entered into his marriage with a U.S. citizen in good faith is not entitled to receive a waiver of his removability. Rather, as the statute expressly states, the decision whether to grant this relief is entirely "[with]in the Attorney General's discretion." § 1186a(c)(4); see Nyonzele v. INS, 83 F.3d 975, 979-81 (8th Cir. 1996). Accordingly, because Assaad's attorney's allegedly

8

deficient performance merely restricted his chances of receiving a discretionary waiver of his removability, we conclude that he has not alleged a violation of his due process rights.[2] Cf. Mejia Rodriguez, 178 F.3d at 1147 ("[W]here a statute or regulation does not limit the executive's discretion to award relief, an expectancy of such relief does not give rise to a liberty interest protected by the Due Process Clause."); Nativi-Gomez, 344 F.3d at 809 ("However broadly and amorphously the concept of constitutionally protected liberty interests has been defined . . . it does not include statutorily created relief that is subject to the unfettered discretion of a governmental authority."). Assaad's petition for review, therefore, does not present a "substantial constitutional claim."

## III. CONCLUSION

For the foregoing reasons, we DISMISS Assaad's petition for review for lack of jurisdiction.

---

[2] Importantly, we do not today decide that the Fifth Amendment guarantees aliens the right to the effective assistance of counsel in immigration proceedings. Rather, we simply hold that, even assuming such a constitutional right exists, Assaad's petition for review does not allege a violation of that right.

9