United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60960
Summary Calendar
_____

MARTA MIRANDA-NAVARRETTE, also known as Rosa Maria
Sanchez-Bautista; THERESA DE JESUS CONTRERAS-MIRANDA, also
known as Gonzalez-Vanessa; GILBERTO CONTRERAS-MIRANDA,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A78-313-433, A78-313-434, A78-313-435
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioners appeal the order of the Board of Immigration
Appeals (BIA) denying their motion to rescind an in absentia
order of removal. They assert that they missed the removal
hearing due to the ineffective assistance of counsel.

Petitioners failed to file the motion to rescind within the
180-day period allowed by Section 1229a(b)(5)(C)(i) of Title 8.
They assert that the statute of limitations was equitably tolled
due to the ineffective assistance of counsel they purportedly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

received.  They also claim that the ineffective assistance of counsel constitutes an "exceptional circumstance" that justifies the rescission of the in absentia order of removal under 8 U.S.C. §§ 1229a(b)(5)(C)(i) & (e)(1).

Petitioners have not shown that they would have been eligible for relief from removal if they had attended the hearing.  Therefore, they failed to establish that the outcome of their case was prejudiced by the alleged actions of counsel. Because prejudice must be shown to establish that one was denied the effective assistance of counsel, it is unnecessary to reach the underlying question of whether an alien has a constitutional right to the effective assistance of counsel during removal proceedings.  See Assaad v. Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004).  Likewise, it is not necessary to reach the question of whether ineffective assistance of counsel is an "exceptional circumstance" justifying the rescission of an in absentia order of removal.

The petition for review is DENIED.