United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-60341
Summary Calendar

_____

LILY KUSUMA JUSMAN; JUSWALDY JUSMAN,

Petitioners,

versus

ALBERTO R. GONZALEZ, U.S. ATTORNEY GENERAL,

Respondent.

------------------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 220 996
BIA No. A95 221 525
------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lily Kusuma Jusman and Juswaldy Jusman, both natives and citizens of Indonesia, seek

review of the Board of Immigration Appeals (BIA) order affirming the decision of the Immigration

Judge (IJ) denying asylum, withholding of removal, and cancellation of removal under the

Immigration and Nationality Act (INA), and affirming the denial of Convention Against Torture

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

protection. With regard to Lily's asylum application, the Jusmans argue that the reason that Lily's asylum application was not filed within one year of arriving in the United States was due to her reliance on her husband's continuing legal status and the changing conditions in Indonesia. The Jusmans further argue that Lily has a well-founded fear of persecution should she return to Indonesia such that she should be granted asylum.

The Jusmans did not address the asylum claim in their motion for reconsideration. Therefore, we are without jurisdiction to review the BIA's affirmance of the IJ's decision because the Jusmans failed to file a separate petition for review of that decision. *See Stone v. INS*, 514 U.S. 386, 394 (1995).

The Jusmans also argue that their request for cancellation of removal should have been granted based on exceptional and extremely unusual hardship to their children. They argue that, at the hearing before the IJ, it was assumed that the children would accompany the Jusmans back to Indonesia; however, they assert that now because of the State Department's recent warning to American citizens not to travel to Indonesia it is "highly likely" that the children will remain in the United States. Therefore, they argue that a remand is necessary to consider evidence regarding the psychological and emotional trauma that their children will endure. The Jusmans also argue that they presented evidence clearly showing that their children will suffer extreme hardship if the Jusmans are removed.

Because the IJ made a discretionary determination under 8 U.S.C. § 1229b(b)(1)(D) that the Jusmans' three children, who are United States citizens, would not suffer an "exceptional and extremely unusual hardship," we lack jurisdiction to review that decision. *See Rueda v. Ashcroft*, 380

F.3d 831, 831 (5th Cir. 2004); *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 216 (5th Cir. 2003).

The Jusmans additionally argue that a remand is necessary for the presentation of evidence regarding the deteriorating conditions in Indonesia. Because the Jusmans attempted to introduce new evidence before the BIA, their motion for reconsideration was also a motion to reopen. *See Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005). Ordinarily, we will review the denial of a motion to reopen for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323 (1992). However, "where a final order of removal is shielded from judicial review by a provision in 8 U.S.C. § 1252(a)(2), so, too is the BIA's refusal to reopen that order." *Assaad v. Ashcroft*, 378 F.3d 471, 474 (5th Cir. 2004) (internal quotation marks, citations, and alterations omitted). Because, as discussed above, we do not have jurisdiction to review the IJ's decision denying the Jusmans' request for cancellation of removal, jurisdiction is also lacking over the BIA's denial of the Jusmans' motion to reopen. *Id.* at 475. The Jusmans' petition is DENIED for lack of jurisdiction.