[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13634
Non-Argument Calendar

_____

BIA No. A74-715-061

ANDREAS ROOS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(January 25, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Andreas Roos, a native and citizen of Sweden, petitions for review of the

Board of Immigration Appeals' order affirming without opinion the immigration judge's decision and order denying him an application for a waiver under 8 U.S.C. § 1186a(c)(4)(B) and ordering him removed. We deny the petition.

## I.

On September 30, 1995, Roos entered the United States on a 90-day non-immigrant visitor visa. On December 28, 1995, Roos married Evelyn McCrary in South Carolina. Roos was 23 years old; McCrary was 59.

In February 1996, Roos filed an application to adjust his status to permanent resident on the basis of his marriage to McCrary, a U.S. citizen. McCrary submitted an affidavit of support and a petition for an alien relative. Shortly thereafter, Roos and McCrary began to experience marital discord. Roos and McCrary were separated in August 1996 and divorced in February 1999.

Roos' adjustment of status to permanent resident was approved by INS on September 26, 1996. The grant of permanent resident status to an alien spouse is "on a conditional basis." 8 U.S.C. § 1186a(a)(1). In order to remove the conditional basis, the alien and spouse must file a joint petition requesting removal and submit to an interview by immigration authorities. Id. § 1186a(c)(1). The petition must be filed "during the 90-day period before the second anniversary of the alien's obtaining" conditional permanent resident status. Id. § 1186a(d)(2)(A). Waiver of the joint petition requirement is permitted "if the alien demonstrates that

2

. . . the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse) and the alien was not at fault in failing to meet the" joint petition and interview requirements. Id. § 1186a(c)(4).

Roos filed a petition to remove the conditions on his permanent resident status in March 1999. He indicated that he was unable to file a joint petition and requested a waiver from that requirement because he entered the marriage in good faith, but the marriage was terminated. INS ultimately denied Roos' petition, citing a lack of evidence produced by Roos to prove that his marriage to McCrary was legitimate, the disparity between his and McCrary's ages, and their never having shared a common address.

In December 2000, INS issued Roos a Notice to Appear charging him with removability based on 8 U.S.C. § 1227(a)(1)(D)(i). That provision states that "[a]ny alien with permanent resident status on a conditional basis under section 1186a of this title . . . who has had such status terminated under such respective section is deportable." Id. At the initial removal hearing on February 5, 2003, Roos, appearing pro se, admitted the factual allegations of the Notice to Appear. The IJ found that he was removable because of the termination of his conditional permanent resident status. The IJ instructed Roos as follows: "At the hearing it will be your responsibility to present evidence to demonstrate that your failed

3

marriage was nevertheless entered into in good faith and was not designed in substantial part to provide you a way of evading U.S. immigration law. In other words, it wasn't a sham marriage for immigration purposes."

After all of the testimony, the IJ found that Roos had failed to meet his burden, denied his application for a waiver, and ordered him removed. The BIA affirmed without opinion.

## II.

As a threshold matter, we must determine whether we have jurisdiction to consider Roos' appeal. See Farquharson v. U.S. Att'y Gen., 246 F.3d 1317, 1319 (11th Cir. 2001). We review this Court's subject matter jurisdiction de novo. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002).

In his opening brief, Roos states the issue on appeal as follows: "Whether the [BIA] erred in summarily affirming the Immigration Judge's denial of [his] . . . Petition to Remove Conditions on Residence . . . and terminating his status as a lawful permanent resident where [he] was erroneously made to carry the burden of proof in review of his petition before the Immigration Judge . . . ." Petitioner's Brief at 1. The Attorney General raised a jurisdictional challenge to Roos' appeal based on 8 U.S.C. § 1252(a)(2)(B)(ii).

Section 1252(a)(2)(B)(ii) deprives this Court of jurisdiction to review a "decision or action of the Attorney General . . . the authority for which is specified

4

under [8 U.S.C. § 1151-1378] to be in the discretion of the Attorney General . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii); see also Zafar v. U.S. Att'y Gen., 426 F.3d 1330, 1334 (11th Cir. 2005). The decision to waive the joint petition requirement and remove the conditional basis of an alien's permanent resident status is vested in the Attorney General's discretion. See 8 U.S.C. § 1186a(c)(4) ("The Attorney General, in the Attorney General's discretion, may remove the conditional basis of the permanent resident status for an alien who fails to meet the requirements of paragraph (1) . . . .") (emphasis added). There is a circuit split as to whether the jurisdictional bar of § 1252(a)(2)(B)(ii) also precludes review of the threshold determination that the marriage was "entered into in good faith by the alien spouse." Compare Assad v. Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004) and Urena-Tavarez v. Ashcroft, 367 F.3d 154, 157–61 (3rd Cir. 2004) with Oropeza-Wong v. Gonzales, 406 F.3d 1135, 1141–43 (9th Cir. 2005) and Cho v. Gonzales, 404 F.3d 96, 98–102 (1st Cir. 2005).

We need not reach that issue, however, because in response to the Attorney General's jurisdictional argument, Roos made clear that he "is not seeking a review of a substantive issue (that the denial was based on the Immigration Judge's finding that Mr. Roos' marriage was not bona fide) that is within the discretion of the Attorney General but rather a legal issue (whether the burden of proof was incorrectly placed upon Mr. Roos)." Reply Brief at 5. Section 1252(a)(2)(D) gives

us jurisdiction to review that legal issue.  8 U.S.C. § 1252(a)(2)(D) ("Nothing in [§ 1252(a)(2)(B) or (C)] . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review . . . .") (as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, § 106(a)(1)(A)(iii), 119 Stat. 302, 310 (2005));[1] see also Balogun v. U.S. Att'y Gen., 425 F.3d 1356, 1359–60 (11th Cir. 2005).

## III.

Because the BIA affirmed without opinion and adopted the IJ's decision as the final agency determination, we review the IJ's  decision.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  We review the IJ's legal determinations de novo.  D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004).

Roos argues that the Attorney General should have been required to prove that his marriage to McCrary was a sham.  See 8 U.S.C. § 1186a(b)(2) ("the burden of proof shall be on the Attorney General to establish, by a preponderance of the evidence . . .") (emphasis added).  That argument is unavailing because the provisions of § 1186a(b) apply only where the Attorney General takes independent action to terminate an alien's status.  Id. § 1186a(b)(1); see, e.g., Smolniakova v. Gonzales, 422 F.3d 1037, 1043 (9th Cir. 2005) (noting that "INS revoked

---

[1] The changes made by § 106 of the REAL ID Act are applicable to all orders of removal "issued before, on, or after the date of enactment."  Real ID Act § 106(b), 119 Stat. at 311.

Smolniakova's conditional resident status pursuant to . . . 8 U.S.C. § 1186a(b), based on a finding—the culmination of an investigation precipitated by an anonymous tip—that her marriage . . . was a sham" and reversing because the IJ placed the burden of proof on the alien).  That did not happen in this case.

Roos filed a petition to remove the conditional basis of his permanent resident status and thereby sought a waiver of the joint petition requirement.  He again sought a waiver in the removal proceedings.  The provisions of § 1186a(c) apply to that situation.  Section 1186a(c)(4) clearly places the burden on the alien: "The Attorney General, in the Attorney General's discretion, may remove the conditional basis of the permanent resident status for an alien who fails to meet the requirements of paragraph (1) if the alien demonstrates . . . the qualifying marriage was entered into in good faith by the alien spouse . . . ."  8 U.S.C. § 1186a(c)(4)(B) (emphasis added).  As indicated by the IJ's instruction to Roos at the removal hearing, quoted in full above, the IJ properly allocated the burdens of proof in accordance with § 1186a(c)(4).

**PETITION DENIED.**