United States Court of Appeals
Fifth Circuit

**F I L E D**

April 24, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-60041
_____

ABDUL HAMEED MEMON; HUMAIR HAMEED MEMON

Petitioners

v.

ALBERTO R. GONZALES, United States Attorney General,

Respondent

_____

Petitions for Review of an Order of the
Board of Immigration Appeals
_____

Before KING, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Petitioners Abdul Hameed Memon and Humair Hameed Memon petition this court for review of a final order of removal by the Board of Immigration Appeals. In its per curiam order, the Board of Immigration Appeals affirmed, without opinion, an immigration judge's refusal to continue the petitioners' removal proceedings. The petitioners now argue that the Board erred in affirming both the immigration judge's refusal to continue their removal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceedings and the order of removal. For the following reasons, we DENY the petition for review.

## I. BACKGROUND

Petitioners Abdul Hameed Memon and Humair Hameed Memon are both natives and citizens of Pakistan, who were admitted to the United States as visitors on October 6, 2000, with permission to remain in the United States until January 17, 2002. Abdul Hameed Memon ("Memon") is the lead petitioner; his son Humair Hameed Memon's potential eligibility for adjustment of status as a derivative beneficiary is entirely dependent upon Memon's application.

On February 5, 2003, the Department of Homeland Security ("DHS") initiated removal proceedings against the petitioners. DHS claimed that the petitioners were removable under 8 U.S.C. § 1227(a)(1)(B), as nonimmigrants who remained in the United States longer than permitted. On May 29, 2003, the petitioners, represented by counsel, appeared before an immigration judge who consolidated their cases. At this time, the petitioners informed the immigration judge that Memon had a labor certification pending with the Department of Labor, and they requested a continuance. The immigration judge declined to rule on the petitioners' request for a continuance, and the hearing was adjourned to allow the attorneys time to prepare their arguments.

On July 17, 2003, the petitioners, again represented by counsel, admitted to the facts alleged by DHS and conceded their removability. Again, they informed the immigration judge of Memon's pending labor certification. The immigration judge set a hearing date of November 14, 2003, and gave the petitioners a filing date of October 3, 2003, to file applications for relief from removal. The immigration judge also informed the petitioners at this time that it would be "difficult to justify a continuance" based solely on the pending labor certification. On October 31, 2003, the petitioners filed a written motion for a continuance to allow more time for the approval of the pending labor certification.

On November 14, 2003, the petitioners appeared before the immigration judge for their scheduled hearing, and made another oral motion for a continuance. The immigration judge denied the petitioners' request for a continuance but granted their alternative request for voluntary departure. In his oral decision, the immigration judge acknowledged that with both an approved labor certification and an approved visa petition, the petitioners might be eligible for relief from removal. However, because the petitioners had only a pending application for labor certification, the immigration judge found that they were essentially requesting an "indefinite continuance." Therefore, the immigration judge denied their motion for a continuance for failure to establish good cause.

3

The petitioners appealed from the immigration judge's decision to the Board of Immigration Appeals ("BIA"). On December 23, 2004, the BIA affirmed, without further opinion, the decisions of the immigration judge. On January 20, 2005, the petitioners filed their petition for review of the BIA's decision with this court. One week later, on January 27, 2005, the petitioners filed a motion to reconsider with the BIA. The BIA denied the petitioners' motion to reconsider on February 17, 2005. On March 15, 2005, the petitioners filed a second petition for review with this court. This opinion disposes of both petitions for review.

The petitioners now argue, citing the Seventh Circuit's decision in Subhan v. Ashcroft, 383 F.3d 591 (7th Cir. 2004), that the refusal to continue their removal proceedings violated rights created by 8 U.S.C. § 1255. They also claim that the decisions of the BIA and the immigration judge violated their constitutional due process rights.

## II. DISCUSSION

The petitioners raise statutory arguments and due process constitutional claims virtually identical to those raised in Ahmed v. Gonzales, No. 05-60032, --- F.3d ---- (5th Cir. 2006). Applying our reasoning in Ahmed to the matter at hand, we reject the petitioners' interpretation of 8 U.S.C. § 1255 and, along with it, we reject the petitioners' argument that the immigration

4

judge's refusal to continue their proceedings was an abuse of discretion. See Ahmed, --- F.3d at ---- (rejecting a similar interpretation of § 1255 which was also based on Subhan). We also hold that the petitioners have failed to raise a cognizable constitutional claim because discretionary relief from removal, including an application for an adjustment of status, is not a liberty or property right that requires due process protection. See, e.g., Assaad v. Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004) (stating that due process claims revolving around an alleged failure to receive discretionary relief are not based upon a constitutionally protected liberty interest); Mireles-Valdez v. Ashcroft, 349 F.3d 213, 219 (5th Cir. 2003) (holding that eligibility for discretionary relief from a removal order is not a liberty or property interest warranting due process protection). Therefore, we DENY this petition for review.