United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60881
Summary Calendar

_____

MAGDALENE TIKUN TEBA,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 186 634
--------------------

Before Barksdale, Stewart, and Clement, Circuit Judges.

PER CURIAM:[*]

Magdalene Tikun Teba petitions for review of an order by the
Board of Immigration Appeals (BIA) denying her motion to reopen.
Teba contends that her right to due process was violated because
the immigration judge (IJ) failed to fully inform her of her
right to seek an adjustment of status based on her marriage to a
United States citizen in accordance with 8 C.F.R. § 1240.11(a)(2)
and that the BIA improperly relied on facts not supported by the
record. Teba also argues that she failed to comply with the
order to voluntarily depart due to ineffective assistance of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counsel. She contends that this constitutes exceptional circumstances excusing her failure to comply such that she should not be barred from seeking an adjustment of status.

We review the denial of a motion to reopen for abuse of discretion. Manzano-Garcia v. Gonzales, 413 F.3d 462, 469 (5th Cir. 2005). The BIA did not abuse its discretion in denying Teba's motion to reopen because the BIA determined that Teba was advised of her right to seek an adjustment of status based on her marriage but that she elected to forgo this application until after her asylum hearing. Given this fact, Teba's reliance on 8 C.F.R. § 1240.11(a)(2) to establish a due process violation based on the alleged failure to inform her of the availability of such relief is misplaced. See Ahmed v. Gonzales, __ F.3d __, No. 05-60032, 2006 WL 1064196 at *7 (5th Cir. Apr. 24, 2006) (holding that because an application for adjustment of status is a request for discretionary relief, it does not create a liberty or property interest that is protected by due process). Likewise, Teba's assertions of ineffective assistance do not excuse her failure to comply with the order to voluntarily depart because the exceptional circumstances excuse that she relies on was repealed by Congress and is no longer provided for by statute. See 8 U.S.C. § 1229c. Additionally, any failure to preserve the ability to pursue discretionary relief does not implicate due process. See Ahmed, 2006 WL 1064196 at *7; Assaad v. Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004).

The petition for review is DENIED.