United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-61128
Summary Calendar
_____

MAHMOUD M ALAFYOUNY,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of
the Board of Immigration Appeals
No. A75 337 117
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mahmoud Alafyouny petitions this court for review of an order
of the Board of Immigration Appeals ("BIA") adopting the decision
of the immigration judge ("IJ") and dismissing his appeal from the
denial of his request for adjustment of status and final order of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the
limited circumstances set forth in 5TH CIR. R. 47.5.4.

removal.[1]  The IJ and BIA ruled that Alafyouny was ineligible for adjustment of status because he was inadmissible to the United States under to 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(cc) because he had engaged in terrorist activity by soliciting funds for the Palestine Liberation Organization ("PLO") between 1983 and 1986.

On a petition for review of a BIA decision, we review factual findings for substantial evidence and questions of law de novo. Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).  Because the BIA adopted the ruling of the IJ, we may review the decision of the IJ.  See id.

Alafyouny moves to remand for further proceedings because § 1182(a)(3)(B)(iv)(VI)(cc) was amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005), after the BIA's ruling was issued.  The amendment applies retroactively.  See REAL ID Act, Pub. L. No. 109-13, § 103(d), 119 Stat. 231, 308-09 (May 11, 2005).

Under the statute, as amended, Alafyouny is required to show that he should not reasonably have known, by clear and convincing evidence, that the PLO was a terrorist organization, whereas under the old statute he was required to show by a preponderance of the evidence that he should not reasonably have known that his solicitations would further the PLO's terrorist activities.  Compare § 1182(a)(3)(B)(iv)(VI)(cc) with § 1182(a)(3)(B)(iv)(VI)(cc)

---

[1] Alafyouny originally filed this case as a petition for writ of habeas corpus in the district court, which, pursuant to statute, transferred it to this court as a petition for review from the order of the BIA.

(2005). Because all organizations that engage in terrorist activities are, by definition, terrorist organizations, if Alafyouny should reasonably have known that his solicitations would further the PLO's terrorist activities, logically he should have reasonably known that the PLO was a terrorist organization. See § 1182(a)(3)-(B)(vi)(III). Thus, if the determination that Alafyouny was inadmissible under the prior statute was proper, he must also be inadmissible under the statute as amended.

Because, to resolve this matter, we need not make a de novo determination of an issue, the cases relied on by Alafyouny are distinguishable. See Gonzales v. Thomas, 126 S. Ct. 1613, 1614-15 (2006); INS v. Ventura, 537 U.S. 12, 16-18 (2002). Accordingly, remand is unnecessary. See Zhao v. Gonzales, 404 F.3d 295, 310-11 (5th Cir. 2005) (stating that the language in Ventura is precatory, not mandatory, and remand is not necessary if the BIA has considered the issue, even if new evidence is allowed). Alafyouny's further contention that due process requires that he be given a new hearing under the amended statute is without merit, because he does not have a constitutionally protected liberty interest in discretionary relief from removal. See Assaad v. Ashcroft, 378 F.3d 471, 475-76 (5th Cir. 2004).

Alafyouny argues that the BIA's and IJ's determination that he engaged in terrorist activities is not supported by substantial evidence. The IJ took notice that Congress found in 1987 that the PLO was a terrorist organization. See 22 U.S.C. § 5201. A 1992

state department report indicated that the PLO had been a terrorist organization since the early 1970's. Though these sources post-dated Alafyouny's involvement with the PLO, both provided evidence regarding the PLO's activities during and before Alafyouny's involvement.

Furthermore, although the operation of § 5201 has been repeatedly suspended by executive order, its suspension does not diminish the probative value of the factual findings made by Congress. Accordingly, the IJ's determination that the PLO was a terrorist organization at the time Alafyouny solicited funds for it is supported by substantial evidence. See Zhao, 404 F.3d at 306 (observing that factual determinations are upheld unless evidence compels a contrary conclusion).

Given Alafyouny's age and admissions, the IJ's determination that he was not as young and naive as he asserted when he solicited funds for the PLO is supported by substantial evidence. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994) (stating that this court does not substitute its judgment on credibility of witnesses for that of the BIA or IJ). Given Alafyouny's knowledge of the fighting in which the PLO was engaged, that he knew that Jordan considered the PLO to be a terrorist organization, and his concession that he now considers the actions of the PLO to have been terrorist activities, the IJ's determination that Alafyouny reasonably should have known that his solicitations would further the PLO's terrorist activities is supported by substantial evidence. See Rivera-Cruz

v. INS, 948 F.2d 962, 967 (5th Cir. 1991) (opining that the BIA is allowed to "draw reasonable inferences from the evidence which comport with common sense") (internal quotation marks omitted).

Alafyouny's arguments that the evidence showed only that elements of the PLO, as distinguished from the PLO itself, engaged in terrorist activity, and that he was unfairly required to prove a negative, are raised for the first time in his reply brief. Because he has not provided a compelling reason for us to consider them, we will follow the general rule and deem the arguments abandoned because they were not raised in Alafyouny's initial brief. See Taita Chem. Co. v. Westlake Styrene Corp., 246 F.3d 377, 384 n.9 (5th Cir. 2001); Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994).

The IJ's ruling that Alafyouny was inadmissible under the prior statute because he had engaged in terrorist activity is supported by substantial evidence. That ruling logically compels the determination that he is inadmissible under the statute as amended. Accordingly, the petition for review is denied.

PETITION FOR REVIEW DENIED; MOTION FOR REMAND DENIED; MOTION FOR STAY OF REMOVAL DENIED; MOTION FOR CLARIFICATION DENIED AS MOOT; MOTION FOR JUDICIAL NOTICE DENIED.