IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-60941
Summary Calendar

JOSE GUADALUPE DE LA MORA-MACIAS

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A35 581 996

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe De La Mora-Macias (De La Mora), a native and citizen of Mexico, petitions this court to review the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen an earlier deportation proceeding. The BIA determined that it lacked jurisdiction to consider the motion because De La Mora filed it subsequent to his departure from the United States.

De La Mora asserts that the extraordinary circumstances of his case required the BIA to grant his motion. He asserts that the BIA violated his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statutory and constitutional rights by sending the transcript of his deportation proceeding to an attorney who had not made an appearance in his appeal, resulting in De La Mora's failure to file a pro se brief and ultimately causing the dismissal of his appeal. He contends that the BIA must grant his motion to reopen because its own error resulted in the dismissal of his appeal, notwithstanding his departure from the United States, the untimeliness of his motion, or his lack of diligence. He also contends that he is entitled to equitable tolling of the applicable limitation period because he was advised by his former attorney that there was nothing he could do to challenge the BIA's decision.

De La Mora conceded removabality on the basis that he committed a controlled substance offense. Therefore, this court lacks jurisdiction to review the BIA's decision, except to the extent that De La Mora raises legal or constitutional questions. See 8 U.S.C. § 1182(a)(2)(A); 8 U.S.C. § 1252(a)(2)(C), (D); Assaad v. Ashcroft, 378 F.3d 471, 474 (5th Cir. 2004) ("[W]here a final order of removal is shielded from judicial review by a provision in § 1252(a)(2), so, too, is [the BIA's] refusal to reopen that order.") (quotation marks omitted).

De La Mora fails to address meaningfully the BIA's determination that it lacked jurisdiction to consider his motion. He references the basis for the BIA's jurisdictional determination only in passing, while arguing that the limitation period for filing the motion to reopen should be tolled. He does not offer a legal or constitutional basis for this court to determine that the BIA's jurisdictional ruling was incorrect. The failure to offer any analysis of an issue waives that issue. See United States v. Freeman, 434 F.3d 369, 374 (5th Cir. 2005); FED. R. APP. P. 28(a)(9). Accordingly, we are without jurisdiction to review the BIA's ruling that it lacked jurisdiction to reopen De La Mora's deportation proceeding.

Because "the foregoing analysis is sufficient to affirm the judgment of the [BIA], it is unnecessary for us to address the remaining issue[s]" raised by De La Mora. Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l, 343 F.3d 401, 411 n.6 (5th Cir. 2003). The petition for review is DISMISSED.