OPINION OF THE COURT
DITTER, District Judge.
This is an appeal from the order of the District Court dismissing for lack of subject matter jurisdiction an alien’s petition for a writ of habeas corpus that challenged an order for his removal. Even though the matter might better have come to us by a transfer from the District Court, we conclude that we also have no jurisdiction and that the removal order must stand. Accordingly, we affirm the decision of the District Court.

FACTUAL AND PROCEDURAL HISTORY

Appellant Mahmoud Sallah Abunasser is a Palestinian who entered the United States on September 30, 2005, with a Palestinian Authority passport. Abunasser was admitted to the United States as a nonimmigrant visitor with authorization to remain in the country until March 29, 2006. He is married and has three children — one child was born in the United States. He was arrested on April 26, 2006, by Immigration and Customs Enforcement (“ICE”) for overstaying his visa and for being employed without the proper authorization. Removal proceedings were initiated and Abunasser was released from custody on bond in the amount of $25,000.
On June 14, 2006, a hearing was held before an immigration judge. Abunasser *758 was represented by counsel and an Arabic interpreter assisted Abunasser throughout the proceedings. Abunasser informed the court that he would be applying for voluntary departure. The case was continued to August 16, 2006, to provide counsel and Abunasser the opportunity to discuss what country he would designate for removal.
At the August 16, 2006 hearing, Abunas-ser, with the assistance of an interpreter and repi-esented by counsel, again indicated that he had no applications to file and would voluntarily leave the United States and return to Israel. After an extensive inquiry, the immigration judge determined that Abunasser was voluntarily giving up the opportunity to present a claim for protection, the x’ight to appeal, and wanted only an opportunity to depart voluntarily. Abunasser was ordered to depart by December 14, 2006. An alternative order of removal was entered in the event he failed to leave the country. He did not appeal this order of removal.
On November 14, 2006, represented by new counsel, Abunasser filed a motion to reopen his removal proceedings claiming the ineffective assistance of prior counsel. This was his only option as the time for appeal of the order of removal had elapsed (and appellate review had been waived). Now, in contrast with his testimony at the August hearing, Abunasser sought political asylum citing his fear of returning to the West Bank where he claims he was a victim of past persecution. In suppox't of his claim he provided medical evidence of treatment for a gunshot wound and a supporting affidavit. Also contrary to his earlier testimony, Abunasser claims he did not advise the immigration judge of his fears at the prior hearings because counsel told him that a Palestinian would not be granted political asylum. On November 29, 2006, the immigration judge denied the motion to x’eopen finding that Abunasser had failed to establish ineffective assistance of counsel as required by Matter of Lozada, 19 I. & N. Dec. 687 (B.I.A.1988), and had failed to present any new facts as a basis to reopen as required by 8 C.F.R. § 1003.23(b)(3).
On January 4, 2007, the immigration judge denied Abunasser’s motion to x*econ-sider her November 29, 2006 order, and the Board of Immigration Appeals (“BIA”) dismissed Abunassex*’s appeal and affirmed the decision of the immigration judge on November 14, 2007.
Having violated the August 26, 2006 order granting voluntai'y departure by failing to depart by December 14, 2006, Abunasser has been detained pending his removal. On September 13, 2007, Abu-nasser filed a motion to x’equest release under bond. The immigration judge held that he was not eligible for bond because he did not voluntarily depart as required by his ox'der of removal and did not file a timely appeal of that order. 8 C.F.R. § 1236.1(d)(1). Abunasser remains in custody.
Seeking judicial review of the denial of his motion to reconsider and reopen, and asking for release and a stay of his deportation and removal order, on December 11, 2007, Abunasser filed a petition for a writ of habeas corpus in the District of New Jersey. Abunasser claims that the immi-gx'ation judge and the BIA violated his due process rights by denying without a hearing and without considex-ation of his evidence of persecution his motion to reopen and his motion to reconsider. The District Court issued a rule to show cause why this petition should not be dismissed. After a hearing, Abunasser’s habeas petition was denied and dismissed on January 25, 2008, for lack of subject matter jurisdiction. His i'equest for release pending review of the petition was denied but a stay of removal was granted.
*759 This appeal followed. It is based entirely upon the immigration judge’s alleged failure to grant Petitioner a hearing on his claim of persecution.[2]

DISCUSSION

The REAL ID Act (“the Act”), which became effective on May 11, 2005, eliminated district court jurisdiction over orders of removal and vested exclusive jurisdiction in the courts of appeals. 8 U.S.C. § 1252(a)(5) (“a petition for review filed with an appropriate court of appeals ... shall be the sole and exclusive means for judicial review of an order of removal”).
The District Court correctly recognized it had no subject matter jurisdiction and dismissed the writ of habeas corpus. However, the District Court did not transfer the matter to this court nor provide a statement that it was not in the interest of justice to do so. 28 U.S.C. § 1631.[3] Nonetheless, the task of examining the administrative proceedings is now before us, albeit by an appeal rather than by lower-court transfer.
Section 242(a)(2)(B)(ii) of the Act, 8 U.S.C. § 1252(a)(2)(B)(ii), provides that no court shall have jurisdiction to review discretionary decisions of immigration officials. In addition, the courts of appeal shall decide the petitions for the review of an order of removal only on the administrative record, and the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(A) and (B). These provisions do not preclude a review of constitutional claims or questions of law that may be raised by the proceedings. 8 U.S.C. § 1252(a)(2)(D).
Before us is the BIA’s discretionary decision [4] that the immigration judge correctly ruled when she found Abunasser had waived all relief except voluntary departure, refused to reopen the removal proceedings, and then refused to reconsider that decision. By the plain wording of the Act, we have no jurisdiction unless there is merit to Abunasser’s claim that he was denied due process when the immigration judge refused to permit him to present evidence of persecution.
Stating the obvious: not every contention, request, or reason becomes a constitutional matter just because it is labeled due process. A denial of relief that is purely discretionary, by definition, does not involve a constitutional right and is therefore not protected by the due process *760 clause. Assaad v. Ashcroft, 378 F.3d 471, 475 (5th Cir.2004) (finding no due process violation because “the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.”) And finally, if there has been a knowing, intelligent, and voluntary waiver of the right to seek the relief in question, due process does not require further consideration.[5]
Here there was no denial of due process because there was no process due. Petitioner had knowingly and intelligently waived whatever claims he might have otherwise had, and having done so, had no constitutional right to further proceedings. The record shows that Abunasser was represented by counsel at his hearings and was fully advised of the consequences of agreeing to voluntary departure by the immigration judge. An interpreter assisted Abunasser at both hearings. Abunas-ser said he understood what he was being-told and what he was doing.
The colloquy on June 14, 2006, makes clear that the immigration judge was sensitive to the situation of a Palestinian in Israel and specifically required that Abu-nasser come forward with any request for protection at the next hearing. (A.R. 123.) This is what she said:
JUDGE TO MR. ABUNASSER:
Sir, your attorney has admitted that you’re removable as charged. She has denied you are a citizen of Israel, as alleged by the Government; but did admit that you were born in the country of Israel. At this time she understands that you just wish to seek a period of time to voluntarily depart the United States at your own expense, but she’s asked for some time to be sure if that is indeed your preference. I would ask you to please make sure that you explain to her everything about your situation in your home area and in America so that she can advise you as to your options before the Court because I will require at the next hearing that you file any appropriate applications for other options, including asylum, if you intend to exercise them.
Q. Do you understand?
A. Yes.
Q. Are you sure?
A. Yes.
Q. Do you understand that if you’re afraid to go back you have to tell her and she’s going to have to help you and file an application for asylum at the next hearing? Do you understand that?
A. I understand.
(A.R. 125.)
The immigration judge went out of her way to ensure Abunasser understood the options available to him and how he needed to work with counsel before the next hearing. Abunasser then said — and now does not suggest otherwise — that he understood.
On August 16, 2006, Abunasser again advised the immigration judge that he wanted to proceed with voluntary departure. Only after a thorough colloquy that included Abunasser being asked if he had any questions “about the consequences of giving up the chance to seek protection *761 based on any fear of harm in Israel or any other country,” did the immigration judge find that Abunasser was knowingly and voluntarily deciding not to make a claim for protection and wanted only voluntary departure. (A.R. 138-34.)[6]
The BIA also found that Abunasser had given up his right to seek asylum:
[T]he Immigration Judge found that the respondent stated he knew that by filing for voluntary departure, he was abandoning any other claims for relief.... The Immigration Judge specifically asked the respondent if he understood by failing to make a claim for protection in the United States he was giving up the opportunity to make such a claim. The respondent stated he understood and was doing so voluntarily.... Accordingly we find the Immigration Judge did not err in denying the respondent’s motion to reconsider.
(A.R. 2).
In summary,
(1) On August 16, 2006, the immigration judge made a factual finding that Abunas-ser had waived any right he might have to seek protection and wanted only voluntary departure. This finding was fully supported by the record, is unchallenged, and is binding upon us.
(2) On November 29, 2006, the immigration judge made a factual finding that Abu-nasser had not established the predicates for a motion to reopen based upon ineffective assistance of counsel or provided any new facts that would establish a basis for reopening. This finding was fully supported by the record, is unchallenged, and is binding upon us.
(3) On November 14, 2007, the Board of Immigration Appeals made a factual finding that the Petitioner said that he understood that by filing for voluntary departure he was abandoning any other claims for relief, and therefore, that the immigration judge did not err in denying Petitioner’s motion to reconsider the removal order. This finding was fully supported by the record and is binding upon us.
(4) In addition, on November 14, 2007, the Board of Immigration Appeals in the exercise of its discretion, dismissed Abu-nasser’s appeal from the decisions of the immigration judge. This decision is binding upon us.
Abunasser was not denied due process.
Abunasser has not raised a constitutional claim.
For these reasons, we lack subject matter jurisdiction to consider Abunasser’s claims and the District Court’s decision that it lacked subject matter jurisdiction must be affirmed.
One matter remains. The District Court stayed the immigration court’s order of removal. We shall remand to the District Court so that the stay can be lifted.
An appropriate order follows.

. Petitioner's brief advanced three legal arguments:
I. A MOTION TO REOPEN REMOVAL PROCEEDINGS MUST COMPLY WITH DUE PROCESS OF LAW...
II. THE DUE PROCESS CLAUSE WAS NOT APPLIED TO ABUNASSER IN HIS REQUEST TO REOPEN REMOVAL PROCEEDINGS...
III. WHERE AN IMMIGRATION JUDGE SUMMARILY DENIES RELIEF TO AN ALIEN WITHOUT PROVIDING A HEARING TO ARGUE THE PRAYER FOR RELIEF, THIS WOULD BE UNCONSTITUTIONAL.
(Petr.’s Br. i)

. Where a district court itself lacks jurisdiction over a case, it shall transfer the matter to a court that has jurisdiction, unless, after an examination of the record, the district court determines that it would not be in the interest of justice to do so. Britell v. United States, 318 F.3d 70 (1st Cir.2003). Although we conclude that Abunasser’s claims lack merit and therefore a transfer would not have been in the interest of justice, the procedure required by 28 U.S.C. § 1631 should have been followed.

.The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board [of Immigration Appeals]. The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief. 8 C.F.R. § 1003.2(a).

. Federal regulations specify that:
A motion to reopen proceedings shall not be granted unless it appears to the Board [of Immigration Appeals] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing; nor shall any motion to reopen for the purposes of affording the alien an opportunity to apply for any form of discretionary relief be granted if it appears that the alien’s right to apply for such relief was fully explained to him or her and an opportunity to apply therefore was afforded at the former hearing. ...
8 C.F.R. § 1003.2(c).

. At the August 16, 2006 hearing:
Q. [IMMIGRATION JUDGE] Okay. I’m persuaded sir that you’ve knowingly and voluntarily decided not to make a claim for protection and that you only want the voluntary departure.... Sir, I will grant your request for the voluntary departure.... Do you understand that that is my decision in your case?
A. Yes.
Q. [IMMIGRATION JUDGE] Your attorney and the Government are willing to accept that as a final decision. That means there would be no appeal to a higher Court and you would not be able to challenge or change the decision later. Do you also wish the decision to be final?
A. Yes.
(A.R. 133-34.)