**REVISED SEPTEMBER 5, 2014**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60532
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2014

Lyle W. Cayce
Clerk

LEANDRO SANTOS AMORIM,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A095 327 585

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Leandro Santos Amorim, a native and citizen of Brazil, has filed a petition for review of the Board of Immigration Appeals's (BIA) denial of his motion for reconsideration of its decision affirming the immigration judge's (IJ) discretionary denial of his application for a waiver under § 237(a)(1)(H) of the Immigration and Nationality Act (INA).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60532

Amorim argues that in denying the motion for reconsideration, the BIA failed to consider several errors committed by the IJ and failed to provide sufficient reasons for its denial of the motion.  The respondent argues that the court lacks jurisdiction to review the denial of the motion to reconsider the BIA's discretionary denial of Amorim's waiver application.

Pursuant to 8 U.S.C. § 1252(a)(2)(D), this court lacks jurisdiction to review the discretionary grant or denial of relief by the administrative agency unless the petitioner alleges error that involves constitutional claims or questions of law.  *Said v. Gonzales*, 488 F.3d 668, 670 (5th Cir. 2007).  This statute extends the jurisdictional limitation to the BIA's refusal to reopen based on the same grounds.  *See Assaad v. Ashcroft*, 378 F.3d 471, 474 (5th Cir. 2004).

Amorim has failed to make arguments that provide the court with jurisdiction to review his petition.  He failed to demonstrate that the BIA violated its own regulations and abused its discretion in denying his motion for reconsideration without a written opinion because he failed to raise any novel issues or any substantial legal or factual issues that warranted a written opinion.  *See* 8 C.F.R. § 1003.1(e)(4)(i)(A), (B).

The Supreme Court has recognized that there is no limitation on the factors that can be considered in granting discretionary relief.  *INS v. Yueh-Shaio Yang*, 519 U.S. 26, 30 (1996).  Amorim did not show that the IJ erred in relying on the discretionary principles used to weigh the evidence in *In re Mendez-Moralez,* 21 I. & N. Dec. 296 (BIA 1996), because those same principles have been used in the context of granting or denying other discretionary waivers.  S*ee In re Tijam*, 22 I. & N. Dec. 408, 412 (BIA 1998).  The IJ is to balance the alien's undesirability as a permanent resident with the social and humane considerations present in the case.  *Id.*

No. 13-60532

In *Ghassan v. INS*, 972 F.2d 631, 635 (5th Cir. 1992), this court determined that prenuptial knowledge of possible deportation is a factor to be considered in balancing the positive and adverse equities in the case. Thus, Amorim's contention that such factor is relevant only if the knowledge is gained after a final deportation order is issued is without merit. Thus, the IJ did not err in determining that Amorim's wife's knowledge of the ongoing removal proceedings diminished the importance of the family factor.

Amorim's argument that the IJ mischaracterized his testimony concerning his income tax returns and employment of a CPA as a negative factor is not supported by the record. When asked about income, both Amorim and his wife gave information that was inconsistent with the information on his income tax returns. Further, his disagreement with the interpretation of the testimony does not raise a constitutional or legal issue. Additionally, Amorim's assertion that the IJ placed undue weight on his activities stemming from his fraudulent marriage is also erroneous because ongoing fraudulent misrepresentations are a serious adverse factor to be considered in weighing the equities. *See Tijam*, 22 I. & N. Dec. at 413.

Last, Amorim's argument that the BIA failed to provide him with due process because it failed to consider his arguments in denying the motion for reconsideration is without merit because the failure to receive discretionary relief does not amount to the deprivation of a liberty interest protected by the Due Process Clause. *Gomez-Palacios v. Holder*, 560 F.3d 354, 361 n.2 (5th Cir. 2009); *Assaad*, 378 F.3d at 475. Further, the BIA's decision indicated its agreement with the IJ's determination that Amorim's fraudulent conduct was inconsistent with the favorable exercise of discretion, which was the relevant issue in the case.

No. 13-60532

The IJ's discretionary denial of the waiver in Amorim's case did not involve any valid constitutional claims or a substantial legal issue providing this court with subject matter jurisdiction. *Said*, 488 F.3d at 670. Because this court lacks jurisdiction to review the discretionary decision in this case, this court also lacks jurisdiction to review a denial of a motion to reconsider such a discretionary decision. *Assaad*, 378 F.3d at 474-75.

The petition for review is DISMISSED for lack of jurisdiction.