# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2020

Lyle W. Cayce
Clerk

No. 19-60171
Summary Calendar

OSMOND TETTEH,

*Petitioner*,

*versus*

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A060 617 005

Before BARKSDALE, GRAVES and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Osmond Tetteh is a native and citizen of Ghana. In September 2007, in Ghana, he married a United States citizen who resided in the United States. The spouse soon returned to the United States, and Tetteh was admitted to this country in June 2009 as a conditional permanent resident

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60171

based on his marriage. Three months later, however, Tetteh's spouse filed for divorce; it was finalized in early January 2010.

Tetteh petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an Immigration Judge (IJ). The IJ order denied Tetteh's application for a waiver of the requirement to file a joint petition to remove conditions on permanent resident status, as provided under 8 U.S.C. § 1186a(c)(4). He claims: the BIA misapplied the law when considering whether he showed he entered the marriage in good faith; and his due-process rights were infringed by the admission of the divorce transcript.

We review the BIA's decision except to the extent the IJ's decision influenced the BIA. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). This court reviews *de novo* questions of law, *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001), but generally affords substantial deference to the BIA's interpretation of immigration statutes unless that interpretation is "arbitrary, capricious, or manifestly contrary to the statute". *Orellana-Monson v. Holder*, 685 F.3d 511, 521 (5th Cir. 2012) (internal quotation marks and citation omitted). Although we lack jurisdiction to review the BIA's discretionary denial of the requested waiver, we may consider legal issues connected to this decision. *See* 8 U.S.C. § 1252(a)(2)(B)(ii), (a)(2)(D); *Assaad v. Ashcroft*, 378 F.3d 471, 475–76 (5th Cir. 2004); *Alvarado De Rodriguez v. Holder*, 585 F.3d 227, 233–34 (5th Cir. 2009).

Tetteh has not shown the BIA misapplied the law. His claim that evidence of his spouse's good faith should have been sufficient to establish his good faith is contrary to the plain language of the relevant regulation. *See* 8 C.F.R. § 1216.5(e)(2). The record refutes his assertion that the BIA considered the parties' positions at the time of the divorce rather than during the marriage. Additionally, Tetteh's complaint that he was unable to procure

documentation does not show legal error on the part of the BIA and does not relieve him of his burden of establishing that he entered the marriage in good faith.  *See* 8 U.S.C. § 1186a(c)(4)(B).

Tetteh also contends his due-process rights were infringed by the admission of the divorce transcript.  Our court reviews *de novo*.  *See Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012).  In order to prevail on a due-process-violation claim, the alien asserting the claim must show substantial prejudice.  *Id.*  Even assuming the admission of the transcript infringed Tetteh's rights, his claim fails because, as the BIA concluded, he has not shown the requisite prejudice.

DENIED.