

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-12-2005

# Vargas v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4420

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Vargas v. Atty Gen USA" (2005). *2005 Decisions.* Paper 426.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/426

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4420

FRANKLIN J. VARGAS,
                                        Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA;
BUREAU OF CITIZENSHIP &
IMMIGRATION SERVICES,

                                        Respondents

ON PETITION FOR REVIEW OF ORDER OF THE
BOARD OF IMMIGRATION APPEALS
(No. A41-298-949)

Submitted pursuant to LAR 34.1(a)
September 29, 2005

Before: ALITO and AMBRO, Circuit Judges, and RESTANI,[*] Chief Judge, United States
Court of International Trade.

(Filed: October 12, 2005 )

_____

[*]      Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

OPINION OF THE COURT

PER CURIAM:

Franklin J. Vargas ("Petitioner"), a native and citizen of the Dominican Republic, seeks review of a decision by the Board of Immigration Appeals ("the BIA"). The BIA affirmed the Immigration Judge's ("the IJ") denial of Petitioner's motion to reopen his removal proceedings, following the IJ's in abstentia removal order entered after Petitioner missed his hearing. Petitoner claims that the IJ and the BIA violated his rights under the Due Process Clause of the Fifth Amendment. We conclude that no due process violation occurred, and we deny the petition for review.

**I.**

Petitioner concedes that he is removable, based in part on a 1994 conviction for burglary, but he sought a hearing to request a waiver pursuant to former Immigration and Nationality Act § 212(c). Petitioner was first scheduled for a hearing in March 2003, but he missed the hearing because his attorney told him the wrong hearing date. The IJ entered a removal order in abstentia. Upon Petitioner's motion to reopen, the IJ concluded that "exceptional circumstances" warranting a new hearing pursuant to 8 U.S.C. § 1229a(b)(5)(C)(i) were not present. Yet the IJ scheduled a new hearing for November 2004 as a singular "act of administrative grace." Petitioner then missed his second hearing due to heavy traffic, arriving 55 minutes late and 10 minutes after the IJ left the bench. The IJ again entered a removal order in abstentia, and later denied

2

Petitioner's motion to reopen because exceptional circumstances were not present.

Petitioner argues that exceptional circumstances required the IJ to grant the motion to reopen, and that denying the motion violated Petitioner's due process rights. Petitioner also argues that the BIA abused its discretion and violated his due process rights by affirming the IJ without opinion pursuant to 8 C.F.R. § 1003.1(e)(4)(i).

## II.

The Court's review of this petition is limited.

> Congress explicitly granted federal courts the power to review final orders of removal in § 1252(a)(1), and implicit in this jurisdictional grant is the authority to review orders denying motions to reopen any such final order. Yet, just as our power to review a final order is circumscribed by § 1252(a)(2)'s various jurisdiction-stripping provisions, our jurisdiction to entertain an attack on that order mounted through filing of a motion to reopen is equally curtailed.

Assaad v. Ashcroft, 378 F.3d 471, 474 (5th Cir. 2004) (citations and internal quotations omitted). "[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C. § 1182(a)(2)] . . . ." 8 U.S.C. § 1252(a)(2)(C). Burglary is a crime of "moral turpitude" covered in § 1182(a)(2). See De la Cruz v. INS, 951 F.2d 226, 228 (9th Cir. 1991). The Court retains jurisdiction over "constitutional claims or questions of law . . . ." 8 U.S.C. § 1252(a)(2)(D); Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). However, Petitioner's challenges to the IJ's denial of the motion to reopen, and to the BIA's decision to streamline his case, implicate review for abuse of discretion.

3

Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005) (motion to reopen); Smriko v. Ashcroft, 387 F.3d 279, 296 (3d Cir. 2004) (decision to streamline).

Therefore, we have jurisdiction over Petitioner's due process claims, but not over his arguments that the IJ and the BIA abused their discretion. See Patel v. United States Attorney Gen., 334 F.3d 1259, 1263 (11th Cir. 2003) (concluding that § 1252(a)(2)(C) prevents review of motions to reopen, but asserting jurisdiction over a constitutional due process claim); Durant v. INS, 393 F.3d 113, 115, amended by 2004 U.S. App. LEXIS 27904 (2d Cir. 2004) ("a holding by this Court that the BIA abused its discretion in denying a motion to reopen and ordering that the case be remanded to the BIA would have the effect of undermining the jurisdictional bar imposed by 8 U.S.C. § 1252(a)(2)(C)"); cf. Bakhtriger v. Elwood, 360 F.3d 414, 424–25 (3d Cir. 2004) (concluding that discretionary decisions may not be challenged under habeas corpus review of BIA decisions where review encompasses only constitutional and legal claims).

**III.**

Petitioner argues that the IJ violated his due process rights. The requirements of due process "depend[] on the circumstances of the particular situation." Dia v. Ashcroft, 353 F.3d 228, 239 (3d Cir. 2003) (quoting Marincas v. Lewis, 92 F.3d 195, 203 (3d Cir. 1996)). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001) (emphasis added) (quoting Mathews v.

4

Eldridge, 424 U.S. 319, 333 (1976)).  After carefully considering Petitioner's argument and reviewing the record, we find no due process violation in the IJ's denial of the motion to reopen.  See Sharma v. INS, 89 F.3d 545, 548 (9th Cir. 1996) (finding no due process violation where petitioners were one hour late due to traffic).

## IV.

Petitioner also argues that the BIA denied his due process rights in affirming the IJ without opinion pursuant to 8 C.F.R. § 1003.1(e)(4)(i).  "[T]he streamlining regulations do not violate the Due Process Clause of the Constitution."  Dia, 353 F.3d at 228.  Petitioner has not shown that the regulations are unconstitutional as applied to him.

## V.

For the reasons given above, we deny Franklin J. Vargas' petition.