

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-7-2006

# Ashley v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3024

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ashley v. Atty Gen USA" (2006). *2006 Decisions.* Paper 475.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/475

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-3024

———

MILTON ASHLEY,
                                              Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                              Respondent.

———

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A 90 579 180

———

Submitted Under Third Circuit LAR 34.1(a)
June 28, 2006

———

Before: BARRY, VAN ANTWERPEN and SILER,[*] Circuit Judges

———

(Opinion Filed: September 7, 2006)

———

OPINION

———


SILER, Circuit Judge

———

   [*] The Honorable Eugene E. Siler, Senior Circuit Judge, United States Court of Appeals
for the Sixth Circuit, sitting by designation.

Petitioner Milton Ashley appeals the Board of Immigration Appeals' ("BIA") reversal of the Immigration Judge's ("IJ") grant of discretionary waiver of deportation under 8 U.S.C. § 1182(c), and the subsequent denial of his motion to reopen and reconsider. For the following reasons, the petition is dismissed in part and denied in part.

## I.

Ashley, a citizen of Jamaica, was ordered to be deported under 8 U.S.C. § 1182(a)(2) which allows for removal for certain crimes, including serious sex offenses. In 1995 Ashley pled guilty to sexually molesting his 12 year-old niece and was sentenced to probation and no jail time above what he served while awaiting arraignment. He sought a discretionary waiver of deportation under 8 U.S.C. § 1182(c).[2] The IJ granted relief on the bases that Ashley was forthcoming about his guilt and accepted responsibility; he had completed his probation and had a clean record since; he held the same job for 14 years and his employer even came to testify on his behalf; his children depended on his income (though they are grown); he had successfully registered under Megan's law as a sex offender and had kept his distance from his victim; and he was a valuable member of his community and did not pose a threat. The BIA reversed, stating that although the equities in favor of Ashley were "noteworthy," they were insufficient to overcome the heinousness of his crime. The BIA further noted that although part of Ashley's sentence was to undergo psychotherapy, his failure to do so, despite his successful completion of probation, was "worrisome."

The BIA denied Ashley's motion to reopen in order to submit a psychologist's report that he

---

[2] This section on its face applies to aliens re-entering the country. It also applies to a lawfully admitted resident alien facing deportation, but who did not depart the United States prior to committing the acts that rendered him deportable. *See Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994).

was unlikely to recidivate. Ashley also filed a petition for a writ of habeas corpus with the district court, which was transferred to this court under the REAL ID Act of 2005.

## II.

### A.

The government contends that there is no jurisdiction to hear any of Ashley's claims. Jurisdiction to hear constitutional challenges is vested in this court by 8 U.S.C. § 1252(a)(2)(D). However, we lack jurisdiction to review the denial of the motion to reopen. 8 U.S.C. § 1252(a)(2)(B)(ii) forecloses review of "any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified *under this subchapter* to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under [the asylum statute]." (Emphasis added.). "[T]his subchapter" refers to 8 U.S.C. §§ 1151 to 1378. *See Urena-Tavarez v. Ashcroft*, 367 F.3d 154, 158 (3d Cir. 2004). Here, discretion is vested in the Attorney General under 8 U.S.C. § 1182(c). Therefore, there is no jurisdiction to review the denial of such discretionary relief. For the same reason there is also no jurisdiction to review a motion to reconsider or reopen an unfavorable determination under 8 U.S.C. § 1182(c). *See Vargas v. Att'y Gen.*, 151 Fed. App'x 134, 136 (3d Cir. Oct. 12, 2005) ("just as our power to review a final order is circumscribed by § 1252(a)(2)'s various jurisdiction-stripping provisions, our jurisdiction to entertain an attack on that order mounted through filing of a motion to reopen is equally curtailed.") (citing *Assaad v. Ashcroft*, 378 F.3d 471, 474 (5th Cir. 2004)).

Thus, we have jurisdiction to review the due process claims, but lack jurisdiction to review the denial of the discretionary waiver or for reopening or reconsideration of that denial. Accordingly, we dismiss the latter portion of the petition on that basis.

**B.**

Ashley contends that he was denied due process when the BIA denied his petition for a waiver of deportation under 8 U.S.C. § 1182(c) because the BIA's opinion (1) was too short as compared to the IJ's opinion, (2) failed to adhere to BIA precedent, and (3) was an invasion of the BIA's adjudicative independence and foreclosed individualized review. We review claims of constitutional violations allegedly committed during deportation proceedings *de novo*. *See Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005).

During the removal process the procedural protections accorded to aliens "measure less than the panoply available to a criminal defendant." *United States v. Torres*, 383 F.3d 92, 104 (3d Cir. 2004) (citing *Dia v. Ashcroft*, 353 F.3d 228, 238-39 (3d Cir. 2003) (en banc)). "[D]ue process requires that an alien who faces [removal] be provided (1) notice of the charges against him, (2) a hearing before an executive or administrative tribunal, and (3) a fair opportunity to be heard." *Id.* at 104 (internal quotations omitted). Ashley does not contend that he failed to receive any of these constitutional guarantees.

Rather, Ashley's argument is that the opportunity afforded him was not individualized and not substantively "fair" because the BIA was predisposed to denying his request for discretionary relief based upon "Operation Predator," an alleged policy in the Department of Homeland Security mandating the deportation of sex offenders. However, Ashley did receive an individualized determination because the IJ and BIA weighed the equities particular to his case. *See De Gonzales v. INS*, 996 F.2d 804, 810-11 (6th Cir. 1993). To the extent Ashley seeks more of a guarantee, he lacks any support. Even assuming, as Ashley contends, that Operation Predator bears upon the BIA's substantive determinations in sex offender cases, we have consistently rejected due process

4

challenges attacking the standards for granting or denying discretionary relief. For instance, in *Torres*, 383 F.3d at 104, we held that because discretionary relief is "a matter of grace rather than of right, aliens do not have a due process liberty interest in consideration for such relief." Then, in *Hernandez v. Gonzales*, 437 F.3d 341, 346 (3d Cir. 2006), we held that there could be no due process violation in the denial of discretionary relief under § 1182(c) because "Aliens who seek only discretionary relief from deportation have no constitutional right to receive that relief." Thus, because Ashley had no right to relief from deportation and cannot establish an entitlement to such relief, he cannot demonstrate a due process violation stemming from the policy. *See also Pinho v. INS*, 249 F.3d 183, 189 (3d Cir. 2001) (suspension of deportation is discretionary relief that does not impair any vested rights and does not give rise to due process violations).

Ashley's two principal cases are distinguishable. First, he relies on *Awolesi v. Ashcroft*, 341 F.3d 227, 232-33 (3d Cir. 2003), for the proposition that the BIA's failure to issue a fully reasoned opinion precluded meaningful judicial review. But *Awolesi* addressed whether an opinion was sufficiently detailed to determine whether the BIA's findings of fact were based upon substantial evidence. *Id.* It did not involve a purely legal issue or an exercise of discretion. Here, the BIA accepted the IJ's factual findings but weighed the equities represented by those facts differently. Therefore, there was no need for a reasoned elaboration of the factual issues.

Second, Ashley relies on *De Gonzales*, 996 F.2d at 810-11, for the proposition that a per se policy of denying discretion could itself amount to an abuse of discretion. First, that case was on direct review and there was no due process challenge. On the other hand, we have held that, generally, errors constituting an abuse of discretion do not necessarily rise to due process violations. *See Torres*, 383 F.3d at 104. Second, *De Gonzales* nonetheless affirmed the denial of discretionary

5

relief on the basis that the BIA had addressed and weighed all the relevant factors particular to that case. *Id.* Likewise, here, the BIA did not quarrel with the IJ's designation of factors as equities, but it noted that it viewed sex crimes as serious offenses and that it did not consider Ashley's good character and reformed lifestyle as sufficient to merit discretionary relief.

We find the remainder of Ashley's contention are without merit.

Petition DISMISSED in part and DENIED in part.