**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-60471
Summary Calendar

PETRONILA RODRIGUEZ

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A73 966 011

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Petronila Rodriguez, a native and citizen of El Salvador, petitions this court for review of the denial by the Board of Immigration Appeals (BIA) of her November 2007 motion to reopen her removal proceedings and to toll her voluntary departure period. She argues that her removal proceedings should have been reopened because counsel rendered ineffective assistance by failing to establish her eligibility for cancellation of removal based upon the hardship of her removal on her spouse. She also argues that the BIA erred in not tolling

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her voluntary departure period during the pendency of her motion to reopen and in not ruling on her motion to reopen before her voluntary departure period expired.

We do not have jurisdiction to review the BIA's discretionary determination that a petitioner does not qualify for relief from removal under the hardship provisions of 8 U.S.C. § 1229b(b)(1)(D). *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004). We do have jurisdiction to review constitutional claims and questions of law raised upon a petition for review. § 1252(a)(2)(D).

This court has assumed, without deciding, that an alien's claim of ineffective assistance may implicate due process concerns under the Fifth Amendment. *See Mai v. Gonzales,* 473 F.3d 162, 165 (5th Cir. 2006); *Assaad v. Ashcroft*, 378 F.3d 471, 475-76 and n.2 (5th Cir. 2004). Because Rodriguez's claim of attorney ineffectiveness relates solely to her eligibility for discretionary relief, however, her claim does not amount to a due process violation. *Assaad*, 378 F.3d at 474-76. Her petition for review of the denial of her motion to reopen based upon her ineffective assistance claim is therefore denied for lack of jurisdiction. *Id.* at 476. We also lack jurisdiction to review the BIA's discretionary decision not to sua sponte reopen Rodriguez's removal proceedings. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004).

The BIA was without authority to extend Rodriguez's voluntary departure period. *See* 8 U.S.C. § 1229c(b); *Dada v. Mukasey*, 128 S. Ct. 2307, 2316 (2008); *Banda-Ortiz v. Gonzales*, 445 F.3d 387, 388, 390-91 (5th Cir. 2006).[1] Rodriguez did not seek to withdraw her request for voluntary departure prior to the

---

[1] The Department of Justice's recent amendments to regulations regarding voluntary departure, effective January 20, 2009, apply prospectively only, not retroactively. *See* 8 C.F.R. § 1240.26(b)(3)(iii) and (e)(1); Voluntary Departure: Effect of a Motion To Reopen or Reconsider or a Petition for Review, 73 Fed. Reg. 76,936, (Dec. 18, 2008). Thus, the new regulations do not apply in the instant case.

expiration of the voluntary departure period. *See Dada*, 128 S. Ct. at 2318-20. Thus, the BIA's denial of the motion to toll the voluntary departure period was not error. Rodriguez provides no support for her conclusory argument that the BIA should have ruled on her motion to reopen prior to the expiration of her voluntary departure period. Accordingly, that argument is deemed waived as inadequately briefed. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

DISMISSED IN PART; DENIED IN PART