# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2011

No. 11-60137
Summary Calendar

Lyle W. Cayce
Clerk

RAFAEL DIAZ-VAZQUEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 064 178

Before DAVIS, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rafael Diaz-Vazquez, a native and citizen of Mexico, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) denying his 8 C.F.R. § 1003.2 motion to reopen his removal proceedings. In those proceedings, he conceded that he was removable under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled, and his request for cancellation of removal under 8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1229b(b)(1) was denied. After the BIA affirmed, he sought to reopen the proceedings in light of new evidence pertaining to his claim for § 1229b relief.

We are prohibited by 8 U.S.C. § 1252(a)(2)(B) from reviewing "any judgment regarding the granting of relief under . . . § 1229b." § 1252(a)(2)(B)(i). We have held that "'where a final order of removal is shielded from judicial review' by a provision in § 1252(a)(2), 'so, too, is [the BIA's] refusal to reopen that order.'" *Assaad v. Ashcroft*, 378 F.3d 471, 474 (5th Cir. 2004) (alteration in original) (quoting *Patel v. United States Attorney General*, 334 F.3d 1259, 1262 (11th Cir. 2003)). Because § 1252(a)(2)(B)(i) shields Diaz-Vazquez's underlying claim from judicial review, *see Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004), we lack jurisdiction to review the denial of his motion to reopen, *see Assaad*, 378 F.3d at 474.

Although Diaz-Vazquez argues that the Supreme Court's recent holding in *Kucana v. Holder*, 130 S. Ct. 827, 831-40 (2010), supports judicial review, the Court in *Kucana* explained that the underlying asylum claim in that case "would itself be reviewable," *id.* at 839, and the Court expressly declined to "reach the question whether review of a reopening denial would be precluded if the court would lack jurisdiction over the alien's underlying claim for relief," *id.* at 839 n.17 (citing *Assaad*, 378 F.3d at 473-75). "Absent an en banc, or intervening Supreme Court, decision, one panel of this court may not overrule a prior panel's decision." *Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006). Thus, the holding in *Assaad* remains binding precedent, and we lack jurisdiction over Diaz-Vazquez's reopening denial. *See id.*

Diaz-Vazquez also contends that the BIA violated his right to due process by failing to give his new evidence full weight. Although Diaz-Vazquez did not raise this claim before the BIA, we can consider it. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) ("Claims of due process violations, except for procedural errors that are correctable by the BIA, are generally not subject to the exhaustion requirement."); *see also* § 1252(a)(2)(D) (preserving jurisdiction to

review constitutional claims).  The BIA did not violate his due process rights because "there is no liberty interest at stake in a motion to reopen due to the discretionary nature of the relief sought." *Gomez-Palacios v. Holder*, 560 F.3d 354, 361 n.2 (5th Cir. 2009).

PETITION DISMISSED IN PART AND DENIED IN PART.