# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60046
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2013

Lyle W. Cayce
Clerk

MODESTUS OKWANDU,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 087 668

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Modestus Okwandu, a native and citizen of Nigeria, who has an extensive criminal history in the United States, and who is proceeding *pro se* and *in forma pauperis*, seeks review of two decisions by the Board of Immigration Appeals (BIA): the dismissal of his appeal from the Immigration Judge's (IJ) order of removal, including the discretionary denial of cancellation of removal; and the denial of his motion for reconsideration.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60046

Regarding the latter, however, Okwandu does not address the decision nor challenge the BIA's reasons for denying his motion. Accordingly, the issue is waived. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004) (citations omitted) (holding claims not raised in petition for review are waived).

Regarding the BIA's dismissal of his appeal, Okwandu contends he is statutorily eligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(a) (cancellation of removal). In support, he maintains his counsel rendered ineffective assistance during the removal proceedings by failing to establish a basis for discretionary relief under § 1229b(a), which resulted in the IJ's decision to deny his request for such relief.

To the extent Okwandu challenges the purely discretionary denial of cancellation of removal, we lack jurisdiction over the claim. 8 U.S.C. §1252(a)(2)(B) (denials of discretionary relief); *see also Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007). On the other hand, we have jurisdiction for "review of constitutional claims or questions of law raised upon a petition for review", even if those claims are associated with a claim for discretionary relief. 8 U.S.C. § 1252(a)(2)(D) (judicial review of certain legal claims); *see also Garcia-Maldonado v. Gonzales*, 491 F.3d 284, 287 (5th Cir. 2007).

"Although an alien has no Sixth Amendment right to effective counsel during removal proceedings, *Goonsuwan v. Ashcroft*, 252 F.3d 383, 385 n.2 (5th Cir. 2001), this court has repeatedly assumed without deciding that an alien's claim of ineffective assistance may implicate due process concerns under the Fifth Amendment." *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006) (citing *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004)). Because Okwandu's ineffective-assistance claim relates solely to his claim for discretionary relief, however, his claim does not amount to a due-process violation. *See Assaad*, 378 F.3d at 475-76. Accordingly, we lack jurisdiction to review it.

No. 13-60046

In addition, Okwandu challenges the BIA's finding he failed to establish United States citizenship. He contends he qualified for derivative citizenship because, while Okwandu was under the age of 18, his father became a naturalized citizen. "[This] nationality claim is a question of law that we review *de novo*". *Marquez-Marquez v. Gonzales*, 455 F.3d 548, 554 (5th Cir. 2006) (citation omitted). Okwandu was over 18 years old on 27 February 2001, the effective date of the Child Citizenship Act; thus, the Child Citizenship Act is inapplicable. Instead, § 321 of the Immigration and Nationality Act (formerly codified at 8 U.S.C. § 1432; repealed 30 Oct. 2000) is applicable to Okwandu. *E.g.*, *Marquez-Marquez*, 455 F.3d at 550 n.3.

It is undisputed that Okwandu's parents divorced in 1986 and that his father was naturalized on 5 April 1996, when Okwandu was under the age of 18. Because he does not contend or establish that he was in the sole legal custody of his naturalized father, however, Okwandu cannot establish derivative citizenship. *See Bustamante-Barrera v. Gonzales*, 447 F.3d 388, 395-96 (5th Cir. 2006).

DISMISSED in part and DENIED in part.